J-S84008-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW RICHARDSON, | |
| Appellant | No. 2707 EDA 2017 |

Appeal from the Judgment of Sentence Entered July 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005490-2014

BEFORE: BENDER, P.J.E., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED DECEMBER 06, 2019**

Appellant, Andrew Richardson, appeals from the judgment of sentence of an aggregate term of 12½-25 years' incarceration, followed by 10 years' probation, imposed following his conviction for involuntary deviate sexual intercourse with a child (IDSIC), unlawful contact with a minor (UCM), and corruption of minors (COM).[1] In this appeal, Appellant challenges his sentence of 10 years' probation imposed at count 4, which was *nolle prossed* prior to his trial. After careful review, we vacate Appellant's sentence and remand for resentencing consistent with this memorandum.

A recitation of the facts underlying Appellant's convictions is unnecessary to our disposition in this matter. A jury convicted Appellant of

---

[1] 18 Pa.C.S. §§ 3123(b), 6318, and 6301, respectively.

IDSIC (at count 1), UCM, and COM. On July 24, 2017, the trial court sentenced him to consecutive terms of 10-20 years' incarceration for UCM, 2½-5 years' incarceration for COM, and 10 years' probation for IDSIC (at count 4). Appellant filed a timely notice of appeal. On October 18, 2017, this Court permitted Appellant's trial counsel to withdraw. New counsel, John Belli, Esq., was appointed on January 12, 2018. Attorney Belli then filed a timely Pa.R.A.P. 1925(c)(4) statement on Appellant's behalf, and the trial court issued a Rule 1925(a) opinion on June 20, 2018. Then, pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), Attorney Belli filed an **Anders** brief and a petition to withdraw as counsel.

In a memorandum dated April 8, 2019, this Court denied Attorney Belli's motion to withdraw, and remanded for further proceedings.[2] The trial court appointed new counsel, who then filed a timely Rule 1925(b) statement on Appellant's behalf. The trial court issued a supplemental Rule 1925(a) statement on July 31, 2019.

Appellant now presents the following question for our review:

---

[2] We rejected Attorney Belli's petition to withdraw as counsel because we discovered at least one potentially meritorious claim on the face of the certified record. **Commonwealth v. Richardson**, 2707 EDA 2017, unpublished memorandum at 15 (Pa. Super. filed April 8, 2019). We then remanded with instructions for the filing of a new Rule 1925(b) statement on Appellant's behalf, and encouraged the trial court to consider the appointment of new counsel at its discretion. **Id.**

Did the trial court err when it imposed a sentence (of 10 years of probation) on count four in the bills of information in this matter – namely the charge of [IDSIC] (18 Pa.C.S.[] § 3123(a)(7)) - where that charge was *nolle prossed* by the Commonwealth and [Appellant] was never arraigned or tried with respect to that charge?

Appellant's Brief at 4.

As we stated in our prior memorandum,

The Commonwealth charged Appellant under two provisions of the IDSI statute in the criminal information. **See** Criminal Information, 5/22/14, at 1. He was charged with a violation of Section 3123(a)(1) at count 1, and Section 3123(a)(7) at count 4. Subsequently, count 4 was *nolle prossed* prior to trial. **See** Trial Disposition and Dismissal Form (hereinafter "TDDF"), 7/19/16, at 1. However, the verdict slip indicates that the jury found Appellant guilty of "Involuntary Sexual Deviate Intercourse with a [c]hild under 13[,]" indicating a violation under Section 3123(b). **See** Verdict Report, 7/15/16, at 1 (single page). Moreover, the TDDF indicates that Appellant was convicted at count 1 of a violation of Section 3123(b), where, as noted above, count 1 was listed as a violation of Section 3123(a)(1) in the criminal information. In the sentencing order, Appellant was sentenced for a violation of Section 3123(a)(7) at count 4, whereas the trial court indicated in the TDDF that count 4 had been *nolle prossed* prior to trial. These discrepancies, which potentially indicate the presence of non-frivolous claims that could have been raised on direct appeal,[3] were not addressed in Attorney Belli's **Anders** Brief, nor were they addressed in the trial court's Rule 1925(a) opinion.

> [3] We decline to formulate specific claims based on this record; however, these discrepancies potentially indicate, *inter alia*, the presence of due process and/or illegal sentencing concerns.

**Richardson**, 2707 EDA 2017, unpublished memorandum at 13-14.

On remand, the trial court, the Commonwealth, and Appellant reached a consensus that the court erroneously sentenced Appellant at count 4, a charge that had been *nolle prossed* prior to trial. **See** Supplemental Trial

Court Opinion (STCO), 7/31/19, at 4; Commonwealth's Post-Remand Brief at 9; Appellant's Post-Remand Brief at 33. The trial court attributes this to a clerical error, and indicates that it intended to sentence Appellant to 10 years' probation at count 1, not count 4. STCO at 4. The Commonwealth agrees, and suggests a limited remand for correction of the sentencing order. Commonwealth's Post-Remand Brief at 9. Appellant argues that we need only vacate the sentence imposed at count 4. Appellant's Post-Remand Brief at 35. He contends that we need not remand for resentencing—ostensibly because vacating the sentence at count 4 does not upset the sentencing scheme below. *Id.* at 33.

The trial court's sentencing scheme clearly would be impacted if we vacated Appellant's sentence at count 4 and took no further action. The trial court sentenced Appellant to 10-20 years' incarceration at count 2 (UCM); to a 2½-5 years' incarceration at count 3 (COM), consecutive to count 2; and to 10 years' probation at count 4, consecutive to the imposed terms of incarceration. Vacating a consecutive term of 10 years' probation will have a substantial effect on the sentencing scheme by reducing the time which Appellant will be under supervision by 10 years.

Moreover, Appellant concedes that 1) he was also charged with IDSIC at count 1; 2) the trial court instructed the jury on that charge, and 3) the jury convicted him for that offense. *Id.* Yet, Appellant makes no argument disputing the trial court's finding that it intended the sentence imposed at

count 4 to be applied at count 1. For these reasons, we reject Appellant's request that we vacate his sentence at count 4 and take no further action.

However, we note that the trial court has acted inconsistently with its contention that the mistake here was merely a clerical error. "It is well-settled in Pennsylvania that a trial court has the inherent, common-law authority to correct 'clear clerical errors' in its orders." ***Commonwealth v. Borrin***, 12 A.3d 466, 471 (Pa. Super. 2011). "A trial court maintains this authority even after the expiration of the 30 day time limitation set forth in 42 Pa.C.S.[] § 5505 for the modification of orders." ***Id.***; ***see also*** 42 Pa.C.S. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."). Here, the trial court describes the sentence imposed at count 4 as a clerical error, but it provides no indication to this Court that the error has been corrected. As no correction has been made, Appellant's sentence imposed at count 4 remains illegal. If we were to merely vacate Appellant's sentence at count 4, the trial court's overall sentencing scheme will be disrupted. Accordingly, we vacate Appellant's sentence and remand for resentencing.

Judgment of sentence ***vacated***. Case ***remanded*** for resentencing. Jurisdiction ***relinquished***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/6/19